UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHAUNESSY BUTLER, )<br>)<br>    Plaintiff  )<br>)<br>v.  )<br>)<br>NANCY A. BERRYHILL,  )<br>ACTING COMMISSIONER,  )<br>SOCIAL SECURITY ADMINISTRATION,  )<br>)<br>    Defendant  ) | No. 1:16-cv-558-JDL |

**REPORT AND RECOMMENDED DECISION**

In this action, Plaintiff Shaunessy Butler seeks disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the September 25, 2015, decision of the Administrative Law Judge (ALJ) (ECF No. 16-2).[1] The ALJ's decision tracks the familiar

---

[1] The Appeals Council found no reason to review the ALJ's decision. (R. 1.)

five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of hypertension, abdominal pain secondary to fibroid tumor, microcytic anemia, history of methicillin-resistant Staphylococcus aureus with left leg pain, and shortness of breath. (Decision ¶¶ 3, 4.) The ALJ nevertheless determined that Plaintiff retains the physical residual functional capacity (RFC) to perform light work, subject to several postural and environmental restrictions.[2] (*Id.* ¶ 5.) Based on the RFC and the testimony of a vocational expert, the ALJ found Plaintiff can no longer perform her past relevant work, but could, given her vocational background, make a transition to other substantial gainful activity, including certain assembler vocations. (*Id.* ¶¶ 6, 10.) The ALJ concluded, therefore, that Plaintiff was not under disability between the alleged onset date of July 28, 2012, and the date of decision. (*Id.* ¶ 11.)

### PLAINTIFF'S STATEMENT OF ERRORS

Plaintiff first argues that the ALJ failed to appreciate the nature and extent of Plaintiff's physical impairments. (Statement of Errors ¶ 1, ECF No. 23.) Plaintiff also contends the ALJ erred when she asked Plaintiff questions unrelated to Plaintiff's health. (*Id.* ¶ 2.) In a separate, non-form fact sheet, Plaintiff asserts that the condition of sepsis (evidently related to her MRSA infection history) is not obvious by casual examination,

---

[2] The ALJ concluded that Plaintiff did not have a severe mental health impairment, but nevertheless assessed certain nonexertional limitations based in part on certain medical issues and Plaintiff's subjective complaints. (R. 17.) Plaintiff has not asserted error with respect to the ALJ's mental RFC findings.

and that her constellation of impairments impact her daily life. (Fact Sheet, ECF No. 23-1.)

## DISCUSSION

### A. Standard of Review

A court must affirm the administrative decision provided that the ALJ applied the correct legal standards and provided that the decision is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

This Court's review must be guided by the parties' arguments of law and discussion of the factual record; the Court does not scrutinize the ALJ's decision on its own. *See* D. Me. Local Rule 16.3(a); *Rawstron v. Soc. Sec. Admin. Com'r*, No. 2:13-CV-00119-NT, 2014 WL 1806864, at *2 (D. Me. May 6, 2014); *Lacadie v. Town of Milford*, No. 1:07–CV-00101-JAW, 2008 WL 1930410, at *6 n. 8 (D. Me. May 1, 2008).

### B. Analysis

In support of her findings, the ALJ cited in part the available clinical medical records, the lack of evidence of recent medical treatment, and the results of an April 2013

3

consultative examination performed by Alan Bean, M.D. (Ex. 10F), who proposed certain exertional limitations the ALJ accepted. (R. 16.) A review of the medical record, which includes not only the evaluation by Dr. Bean, but the assessment of Donald Trumbull, M.D., who concluded the medical record does not contain evidence to support a determination that Plaintiff's physical impairments are functionally severe (Ex. B5A, R. 139 – 140),[3] and the records of Richard Chamberlin, M.D., whose RFC assessment was not inconsistent with the ALJ's determination even though he concluded that Plaintiff has severe physical impairments (Ex. B1A, R. 105 – 107), reveals that the record contains substantial evidence to support the ALJ's RFC finding despite Plaintiff's contentions as to the extent of her physical impairments[4] and the potential future complications.[5] Similarly, the record evidence, which includes the testimony of a vocational expert, supports the ALJ's conclusion that jobs exist in the national economy that Plaintiff can perform on a full-time basis.

The ALJ's questioning of Plaintiff about Plaintiff's residence and family situation is also not error. A review of the hearing transcript reveals, as the ALJ explained in her decision (R. 16), that the questions were designed to determine whether Plaintiff was deriving income from another source. (R. 39 – 40.) Whether a disability claimant is

---

[3] Dr. Trumbull based his opinion not only on provider records, but also on the report of physical examination provided by Maine Disability Determination Services consulting physician Dr. Bean. (Ex. B10F.)

[4] Plaintiff has not alleged error regarding the ALJ's assessment of Plaintiff's mental RFC. Accordingly, the ALJ's mental RFC findings are not reviewed in this Recommended Decision.

[5] Plaintiff notes a concern for the possible loss of a limb, which appears to be related to her history of experiencing congestive heart failure and/or pneumonia and/or MRSA infection in 2010 while pregnant. (R. 30 – 31.) This episode was evidently the subject of an earlier application and Plaintiff was found to have recovered the capacity for sedentary work within 12 months of onset. (R. 31 - 32.)

working or otherwise receiving income is a legitimate subject of inquiry in the ALJ's assessment of a disability claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of July, 2017.